IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK LONG,

       Plaintiff,

vs.                                                                 No. CIV 07-581 JB/LAM

THE UNITED STATES OF AMERICA,
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
UNITED STATES DEPARTMENT OF AGRICULTURE,
USDA RURAL DEVELOPMENT,
NEW MEXICO STATE ENVIRONMENT DEPARTMENT,
VILLAGE OF COLUMBUS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Add Indispensable

Parties, filed July 25, 2007 (Doc. 7)("Motion to Add").  The primary issue is whether the Court

should join seven individuals as additional defendants under rule 15 or rule 19 of the Federal Rules

of Civil Procedure.  Because Plaintiff Jack Long has not shown that the individuals are indispensable

or necessary parties, and because he has not complied with the requirements for amending his

complaint, the Court will deny his motion without prejudice to refiling a motion that complies with

the rules.

## PROCEDURAL BACKGROUND

Long filed a pro se complaint requesting the Court enter a preliminary injunction on June

15, 2007.  See Complaint for Preliminary Injunction, filed June 15, 2007 (Doc. 1)("Complaint").

Among other relief, Long requests the Court prohibit the Village of Columbus, New Mexico from

proceeding with the implementation of a centralized reverse-osmosis water treatment system.  See

id. at 10.  Long's Complaint names the following parties as Defendants in this action: (i) the United States of America; (ii) the United States Environmental Protection Agency ("EPA"); (iii) the United States Department of Agriculture ("USDA"); (iv) USDA Rural Development; (v) the New Mexico State Environment Department ("NMED"); and (vi) the Village of Columbus ("Columbus").  See id. at 1.  Long's Complaint was served properly upon each of the named Defendants.  See Process Receipt and Return (on USDA-Rural Development), filed July 26, 2007 (Doc. 8); Process Receipt and Return (on New Mexico Environment Department), filed July 26, 2007 (Doc. 9); Process Receipt and Return (on Village of Columbus-City Hall), filed July 26, 2007 (Doc. 10); Process Receipt and Return (on New Mexico Attorney General), filed July 26, 2007 (Doc. 11); Process Receipt and Return (on U.S. Attorney's), filed July 26, 2007 (Doc. 12).

On July 25, 2007, Long filed his Motion to Add, seeking to join seven additional Defendants. Long's motion, which is styled as a "Motion to Add Indispensable Parties," seeks to add the following officials as Defendants: (i) President George W. Bush; (ii) Stephen L. Johnson, Administrator of the EPA; (iii) Richard Greene, Regional Administrator for EPA Region 6; (iv) Mike Johanns, United States Secretary of Agriculture; (v) Ryan Gleason, State Director for USDA Rural Development in New Mexico; (vi) Ron Curry, NMED Secretary; and (vii) Eddie Espinoza, Mayor of Columbus.  See Motion to Add at 1.  Long's Motion to Add does not advance any legal or factual grounds in support of his request that these officials be joined in this case.

Although Long attached summons forms addressed for the individual defendants he wishes to add to his Motion to Add, those forms are not signed and there is no indication that service of the Complaint was executed upon the individual officials.  Long's motion also does not include a certificate of service indicating that he served a copy of his motion upon the Defendants already a

part of this case.  Nevertheless, Defendants United States, USDA, and USDA Rural Development

(the "Federal Defendants") submitted a response in opposition to Long's Motion on August 13,

2007.  See Federal Defendants' Response to Plaintiff's July 25, 2007 "Motion to Add Indispensable

Parties," filed August 13, 2007 (Doc. 17)("Federal Response").  The Federal Defendants argue that

Long has not articulated any basis for the Court to join these officials as indispensable parties under

rule 19 of the Federal Rules of Civil Procedure, see id. at 1-2, and notes that, by not serving his

motion on the Defendants or seeking their concurrence, his motion violates the Court's local rules,

see id. at 2.

Long filed a reply to the Federal Defendants' response on August 18, 2007.  See Reply to

Defendant U.S. Government's Response to Plaintiff's Motion to Add Indispensable Parties, filed

August 18, 2007 (Doc. 18)("Long's Reply").  Long clarifies that his Motion to Add is a motion to

amend pursuant to rule 15, and contends that rules 4 and 19 support the granting of the motion.  See

id. at 1.  Long emphasizes that he is proceeding pro se and that therefore the Court should not deny

his motion because of his failure to satisfy certain technical requirements.  See id. at 2.

Columbus filed its own response in opposition to Long's Motion to Add.  See Response of

Defendant, Village of Columbus, to Plaintiff's Motion to Add Indispensable Parties, filed August

21, 2007 (Doc. 20).  Columbus asserts that Long's pleadings demonstrate that he is attempting to

sue Espinoza in his official capacity, and therefore his suit against Espinoza is indistinguishable

from his action against Columbus.  See id. at 1-2.  Accordingly, Columbus argues that Long has not

demonstrated that Espinoza is a necessary party to this action.  See id. at 1.

At the hearing on this motion, Long acknowledged that, with respect to the federal and

village officials he has referenced, it is not necessary to name the individuals as Defendants to obtain

the relief he seeks.  See Transcript of Hearing at 4:11-14 (Long)(taken August 24, 2007).[1]

Accordingly, Long withdrew his motion with respect to the federal officials and Espinoza.  See id.

at 4:18-23 (Long).  Long also suggested that the NMED is immune to suit, however, and so contends

that he still wishes to add Curry as a party.  See id. at 4:14-17 (Long).  Long argues that Curry can

be added properly under rule 21 of the Federal Rules of Civil Procedure.  See id. at 4:23-25 (Long).

At the hearing, the NMED's counsel responded that, if the Court were to consider Long's

motion to add Curry as a party, the Court should deny the motion on the basis of futility.  See id. at

8:1-3 (Parker).  The NMED's counsel stated that the only count in Long's Complaint that alleges

that the State acted improperly involves the State's failure to scrutinize the EPA.  See id. at 8:5-6

(Parker).  The NMED's counsel contended that the Court should not allow Long to add Curry as a

party, because there is no requirement that the NMED scrutinize the EPA and therefore neither the

NMED nor Curry could be held liable for that omission.  See id. at 8:6-9 (Parker).

## LAW REGARDING PRO SE PARTIES' FILINGS

The Supreme Court of the United States  and the United States Court of Appeals for the

Tenth Circuit have both instructed that courts should "review [pro se] pleadings and other papers

liberally and hold them to a less stringent standard than those drafted by attorneys."  Johnson v.

Johnson, 466 F.3d 1213, 1214 (10th Cir. 2006)(citing Haines v. Kerner, 404 U.S. 519, 520

(1972)(explaining that pro se pleadings are held "to less stringent standards than formal pleadings

drafted by lawyers")).  On the other hand, while a pro se litigants' pleadings are held to less stringent

standards, they must nevertheless comply with the same procedural rules as other litigants.  See

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Barnes v. United States, 173 Fed. Appx. 695, 697 (10th Cir. 2006)(citing Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)).  It is not the district court's function to assume the role of advocate for the pro se litigant.  See Bergman v. LaCouture, 218 Fed. Appx. 749, 750 (10th Cir. 2007).

### LOCAL RULES REGARDING MOTION PRACTICE

Pursuant to the United States District Court for the District of New Mexico's local rules, "[a] motion must be in writing and state with particularity the grounds and the relief sought."  D.N.M. LR-Civ 7.1(a).  In addition to the factual and legal bases for the motion, a motion must also include a certificate of service on each party.  See D.N.M. LR-Civ 7.1(b).

When submitting a motion to the Court in a case where any party appears pro se, the movant must request concurrence from each party at least three working days before filing the motion, and "must recite that concurrence was refused or explain why concurrence could not be obtained."  D.N.M. LR-Civ 7.4(a).  "A motion that omits recitation of a good-faith request for concurrence may be summarily denied."  Id.  Moreover, local rule 7.4© specifically states that, in a case involving pro se parties, the "[m]ovant must file and serve on all parties copies of the motion, supporting brief, affidavits and other papers related to the motion."  D.N.M. LR-Civ 7.4©.

Finally, the Court has the authority to waive the application of any local rule to avoid injustice.  See D.N.M.LR-Civ. 1.7; Hernandez v. George, 793 F.2d 264, 266-67 (10th Cir. 1986)(citing the District of New Mexico's local rules and noting that "[t]his court has also recognized that district courts have discretion in applying local rules").  "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules."  Hernandez v. George, 793 F.2d at 267.

**RULE 15**

At any time before a responsive pleading is filed, a party may amend its pleading without leave of the court. See Fed. R. Civ. P. 15(a). Once a responsive pleading has been filed, amendment requires the court's permission or written consent of the adverse party. See id. Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Id. In accordance with rule 15(a), leave to amend should be granted absent a legitimate reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The Tenth Circuit has emphasized that "[t]he purpose of [rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

**RULE 19**

Rule 19 provides for the compulsory joinder, if feasible, of parties necessary for the fair adjudication of a controversy.

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). In determining whether a party's interests are worthy of consideration under

rule 19, "the underlying merits of the litigation are irrelevant . . . unless the claimed interest is 'patently frivolous.'"  Davis v. United States, 343 F.3d 1282, 1291 (10th Cir. 2003)("Davis II")(quoting Davis v. United States, 192 F.3d 951, 959 (10th Cir. 1999)).  Moreover, the interests of the absent party may be "so aligned with those of one or more parties that the absent person's interests are, as a practical matter, protected."  Davis II, 343 F.3d at 1291-92.

If an absent party is necessary under the standard articulated in rule 19(a), the court must then determine whether adding that party is 'feasible.'"  Citizen Potawatomi Nation v. Norton, 248 F.3d 993, 997 (10th Cir. 2001).  "[I]f joinder is not feasible, the court must decide whether the absent person is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue in his absence."  Id. (quoting Fed. R. Civ. P. 19(b)).  The court's indispensability analysis is informed by four factors: (i) the interests of the non-joined party; (ii) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole liability; (iii) the court's and the public's interest in judicial economy; and (iv) the plaintiff's interest in having a forum in which to present his claims.  See Davis II, 343 F.3d at 1290 (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-11 (1968)).

## LAW REGARDING SUITS AGAINST INDIVIDUALS
## IN THEIR OFFICIAL CAPACITY

"When a governmental official is sued in his official and individual capacities for acts performed in each capacity, those acts are 'treated as the transactions of two different legal personages.'"  Johnson v. Bd. of County Comm'rs for County of Fremont, 85 F.3d 489, 493 (10th Cir. 1996)(quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 543 n.6 (1986)).  Accordingly, a person sued in his official capacity has no personal stake in the outcome of the litigation.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. at 543-44. "Personal or individual

capacity suits 'seek to impose personal liability upon a government official for actions he takes under color of state law,' while an official capacity suit is 'only another way of pleading an action against an entity of which an officer is an agent.'" <u>Johnson v. Bd. of County Comm'rs for County of Fremont</u>, 85 F.3d at 493 (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)). <u>See Wulf v. City of Wichita</u>, 883 F.2d 842, 864 n.30 (10th Cir. 1989)("[O]fficial capacity suits are simply another way of suing the municipality itself."). The Supreme Court has explained that, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity[,] . . . for the real party in interest is the entity." <u>Kentucky v. Graham</u>, 473 U.S. at 166.

## ANALYSIS

In analyzing Long's motion, the Court is mindful of his pro se status and sensitive to his lack of sophistication in drafting federal court pleadings. In resolving this motion, the Court has construed Long's moving papers liberally and has declined to dismiss his motion solely on procedural technicalities. Nevertheless, while Long's submissions are held to a less stringent standard, they must still same satisfy the same procedural requirements that apply to parties with counsel. The Court must be careful not to become an advocate for Long and put the Defendants to a disadvantage.

Long's motion does not include a recitation of concurrence or a certificate of service. The Court could summarily deny Long's motion for failure to follow the Court's rules for filing motions in federal court. <u>See</u> D.N.M. LR-Civ. 7.4(a)("A [pro se] motion that omits recitation of a good-faith request for concurrence may be summarily denied."). On the other hand, the Court also has the authority to waive the application of any local rule to avoid injustice, <u>see</u> D.N.M.LR-Civ. 1.7, and

has "discretion in applying and interpreting local rules," <u>Hernandez v. George</u>, 793 F.2d at 267. Because Long is proceeding pro se, because the Defendants have received and responded to Long's motion, and consistent with the Court's general preference for resolving disputes on the merits rather than procedural technicalities, the Court has also looked at the merits of the motion.

In his reply, Long states, for the first time, that he submitted his motion to amend pursuant to rule 15(a). <u>See</u> Long's Reply ¶ 1, at 1. Long explains that he filed his motion, "because he wanted to have a responsible person in the government as party served as well as the nebulous government agency." <u>Id.</u> Long contends that rule 4[2] and rule 19 also support his motion. Even assuming that Long's motion was filed pursuant to rule 15(a), however, the Court still does not believe that it should grant Long leave to add the additional parties he seeks to join to this litigation.

Long is correct that "[r]ule 15(a) allows one amendment, prior to responsive pleading, without leave of court." Long's Reply ¶ 1, at 1. Moreover, the Tenth Circuit has acknowledged that "[r]ule 15(a) governs the addition of a party." <u>United States ex rel. Precision Co. v. Koch Indus., Inc.</u>, 31 F.3d 1015, 1018 (10th Cir. 1994). The plain language of rule 15(a) states that "[a] party may <u>amend</u> the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a) (emphasis added). Consequently, Long was free to amend his Complaint and file it before a responsive pleading was filed.

Long did not amend his complaint, however; instead, he filed a motion that he styled as a "Motion to Add Indispensable Parties." Motion to Add at 1. Long's Motion to Add did not invoke

_____

[2]Long indicates in his Reply that "Rule 4(i)(A,B & C)" supports his motion. Long's Reply ¶ 1, at 1. Section (i) of rule 4 has three subsections: (i)(1), (i)(2), and (i)(3). <u>See</u> Fed. R. Civ. P. 4(i). Only subsection (i)(1), however, has three sub-parts. <u>See</u> Fed. R. Civ. P. 4(i)(1)(A)-(C). Accordingly, the Court assumes for the purposes of this motion that Long is attempting to argue that rule 4(i)(1) supports his motion. Rule 4(i)(1) deals with service upon the United States.

or refer to rule 15(a).  Indeed, Long did not amend his complaint and made no reference to rule 15(a) until after the first responsive pleading had been filed.  Rather than capitalize on the amendment-of-right provision embodied in rule 15(a)'s first sentence, Long's conduct implicates the second sentence of rule 15(a) which controls amendments in all situations where the party has not amended the complaint before the responsive pleading: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).[3]  In sum, the Court must determine whether the Court should grant Long's request, keeping in mind the liberal rules for amendment at this stage of the case and with the understanding that he could have filed the amendment without leave at the time he filed his motion.

Long contends that rule 4(i)(1) supports his motion to add the additional parties.  See Long's Reply ¶ 1, at 1.  Rule 4(i)(1), however, outlines the requirements a party must meet to serve process effectively upon the United States, its agencies, corporations, officers, or employees.  The rule makes no reference to the content of pleadings.  Long has not explained in what manner rule 4(i)(1) justifies his request nor indicated how it may be applicable to the defendants he wishes to add who are not federal officials.  Accordingly, the Court is not convinced that rule 4(i)(1) provides grounds for the Court to grant Long's motion.

Long's Motion to Add does not expressly invoke rule 19.  In the interest of construing

---

[3]Rule 21 also states, in pertinent part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."   Because the Tenth Circuit has explained, however, that "[r]ule 15(a) governs the addition of a party," and noted that "where the parties have sought leave of court, there is no conflict between [r]ule 15(a) and [r]ule 21," the Court need not consider rule 21 to resolve this motion. United States ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d at 1018 & n.4 (reversing district court that held amendment in case where no responsive pleading had been filed required leave of court because the district court believed that the specific text of rule 21 -- related to the addition of parties -- controlled over the more general language of rule 15(a)).

-10-

Long's moving papers liberally, however, the Court has analyzed his motion under rule 19. Although Long requests that the individual officials be added as "indispensable" parties, the Court has construed his motion as one to add the officials as "necessary" parties.  Under rule 19, a party does not become indispensable until a court determines that they are necessary, but that their joinder is not feasible. See Citizen Potawatomi Nation v. Norton, 248 F.3d at 997 (10th Cir. 2001)(outlining three step process for determining whether action should be dismissed for failure to join an indispensable party).  Long's motion does not provide any basis or argument for the Court to join these officials as necessary parties.  He has not explained why complete relief cannot be awarded in the officials' absence or demonstrated that the officials have an interest in the litigation that is not adequately protected by the named Defendants.  He has not suggested that a failure to include the officials in this litigation will subject the current parties to a substantial risk of multiple litigation.

Nor does the Court believe that it is necessary to add the officials to this litigation.  Long has not made specific allegations aimed at the personal conduct of any of the officials, but represents that he wishes to add them to have a responsible person served in this action in addition to the "nebulous government agenc[ies]."  Long's Reply ¶ 1, at 1.  Long has not indicated under what theory or cause of action he intends to proceed against the federal officials.  Moreover, at least with respect to the state officials he has named, to the extent that the officials are sued in their official capacity, they are tantamount to the agencies they represent.  Moreover, entities are sued in federal court all the time and litigate claims through their agents.  There is no need to add individual officials simply to have a specific person receive service of process.

Perhaps because the Defendant United States thought it was dealing with a rule 19 motion rather than a rule 15 motion, it does not assert prejudice or harm by joining Long's requested

-11-

additional Defendants.  On the other hand, because Long did not, as required by the local rules, attach a proposed pleading to his motion, the parties have not had an opportunity to argue that the additional parties would be futile.  See D.N.M. LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.").  At the present time, it appears that adding parties in their official capacities to the Complaint does nothing more than unreasonably clutter the caption.

Accordingly, the Court will deny the Motion to Add without prejudice to Long filing a new motion explaining why these additional parties are necessary and/or indispensable.  The Court will also deny his rule 15 motion without prejudice to him filing a new motion, with the proposed pleading.  Long will need to serve all parties with any new motion and seek their concurrence before filing the motion.

**IT IS ORDERED** that the Plaintiff's Motion to Add Indispensable Parties is denied.


_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Jack Haskell Long
Columbus, New Mexico

     *Plaintiff pro se*

Ronald J. Tenpas
  Acting Assistant Attorney General
Environment and Natural Resources Division
Washington, D.C.

-- and --

Andrew A. Smith
  Trial Attorney
Natural Resources Section
United States Department of Justice
Mary Ann Joca
  Office of General Counsel
United States Department of Agriculture
Albuquerque, New Mexico

     *Attorneys for Defendants The United States of America,*
       *United States Environmental Protection Agency,*
       *United States Department of Agriculture, and USDA*
       *Rural Development*

Carol M. Parker
  Special Assistant General Counsel
Tracy Hughes
  Special Assistant Attorney General
New Mexico Environment Department
Santa Fe, New Mexico

     *Attorneys for Defendant New Mexico Environment*
       *Department*

Robert C. Floyd
  Attorney for the Village of Columbus
Deming, New Mexico

     *Attorney for Defendant Village of Columbus*