IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK LONG,

       Plaintiff,

vs.                                                                                                           No. CIV 07-581 JB

THE UNITED STATES OF AMERICA,
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, UNITED
STATES DEPARTMENT OF
AGRICULTURE, USDA RURAL
DEVELOPMENT, NEW MEXICO
ENVIRONMENT DEPARTMENT,
VILLAGE OF COLUMBUS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Join Necessary Party, filed September 14, 2007 (Doc. 25). The Court held a hearing on the motion on November 8, 2007. The primary issue is whether the Court should order the joinder of Secretary Ron Curry of the New Mexico Environment Department as a necessary party. For the reasons stated at the hearing, and for reasons consistent with those already stated, the Court does not believe that Curry is a necessary party to this case, and the Court will therefore deny the motion to join Curry as a necessary party. Because Plaintiff Jack Long is proceeding pro se, the Court also treated his motion as one to amend to add Curry. The Court believes that any amendment alleging a claim against Curry for failure to comply with NEPA would be futile and will not allow such an amendment. The Court will, however, allow Plaintiff Jack Long to move to amend his complaint to assert any claims for prospective relief against Curry that are not based on Curry's failure to comply with NEPA.

## RULE 19

Rule 19 provides for the compulsory joinder, if feasible, of parties necessary for the fair adjudication of a controversy.

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). In determining whether a party's interests are worthy of consideration under rule 19, "the underlying merits of the litigation are irrelevant . . . unless the claimed interest is 'patently frivolous.'" Davis v. United States, 343 F.3d 1282, 1291 (10th Cir. 2003)("Davis II")(quoting Davis v. United States, 192 F.3d 951, 959 (10th Cir. 1999)). Moreover, the interests of the absent party may be "so aligned with those of one or more parties that the absent person's interests are, as a practical matter, protected." Davis II, 343 F.3d at 1291-92.

If an absent party is necessary under the standard articulated in rule 19(a), the court must then determine whether adding that party is 'feasible.'" Citizen Potawatomi Nation v. Norton, 248 F.3d 993, 997 (10th Cir. 2001). "[I]f joinder is not feasible, the court must decide whether the absent person is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue in his absence." Id. (quoting Fed. R. Civ. P. 19(b)). The court's indispensability analysis is informed by four factors: (i) the interests of the non-joined party; (ii) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole liability; (iii) the court's and the public's

interest in judicial economy; and (iv) the plaintiff's interest in having a forum in which to present his claims.  See Davis II, 343 F.3d at 1290 (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-11 (1968)).

## RULE 15

At any time before a responsive pleading is filed, a party may amend its pleading without leave of the court.  See Fed. R. Civ. P. 15(a).  Once a responsive pleading has been filed, amendment requires the court's permission or written consent of the adverse party.  See id.  Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires."  Id.  In accordance with rule 15(a), leave to amend should be granted absent a legitimate reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).  The United States Court of Appeals for the Tenth Circuit has emphasized that "[t]he purpose of [rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

## RELEVANT ENVIRONMENTAL LAW

The National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321-4370(f), requires agencies to determine whether a federal action involves a significant environmental impact. See Dickman v. City of Santa Fe, 724 F.Supp. 1341, 1345 (D.N.M. 1989)(Parker, J.).  Section 4332, Title 42, requires federal agencies to complete an environmental impact statement ("EIS") for major federal actions significantly affecting the environment.  Section 4322 states, in relevant part:

> The Congress authorizes and directs that, to the fullest extent possible: (1) the

>policies, regulations, and public laws of the United States shall be interpreted and administered in accordance with the policies set forth in this chapter, and (2) all <u>agencies of the Federal Government</u> shall--
>
>(A) utilize a systematic, interdisciplinary approach which will insure the integrated use of the natural and social sciences and the environmental design arts in planning and in decisionmaking which may have an impact on man's environment;
>
>(B) identify and develop methods and procedures, in consultation with the Council on Environmental Quality established by subchapter II of this chapter, which will insure that presently unquantified environmental amenities and values may be given appropriate consideration in decisionmaking along with economic and technical considerations;
>
>(C) include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official. . .

42 U.S.C. § 4332 (emphasis added).

"NEPA requires federal agencies to provide a detailed environmental impact statement on major federal actions significantly affecting the quality of the human environment." <u>Friends of the Earth v. Coleman</u>, 518 F.2d 323, 327 (9th Cir. 1975)(internal quotations and citations omitted). The language of the statute itself imposes an obligation on only federal agencies, and not on state or local agencies. <u>See</u> 42 U.S.C. § 4332.

Some projects involve both state and local agencies, as well as the federal government, and the issue in such situations is whether the mixed project comes under NEPA's requirements. "The requirements of NEPA, which include, among other things, the submission of an EIS, apply only when the federal government's involvement in a project is sufficient to constitute a major federal action." <u>United States v. Southern Fla. Water Mgmt. Dist.</u>, 28 F.3d 1563, 1572 (11th Cir. 1994)(internal quotations and citations omitted). "For an action to be subject to NEPA . . . it must be shown to be federal." <u>Friends of the Earth v. Coleman</u>, 518 F.2d at 327 (internal quotations and

citations omitted).

"A finding of federal action is essential because Congress did not intend the environmental laws to apply to state, city or private actions." Dickman v. City of Santa Fe, 724 F.Supp. at 1345. If a federal agency has the power to control non-federal activity, the activity constitutes a major federal action to which NEPA may apply. See 40 C.F.R. § 1508.18. "Major federal action can exist when the primary actors are not federal agencies." United States v. Southern Fla. Water Mgmt. Dist., 518 F.2d at 1572.

A non-federal project may become federalized if it is so interrelated to a federal project as to constitute a single federal action. See Ross v. Federal Highway Admin., 162 F.3d 1046, 1051 (10th Cir. 1998). A "federal action" includes projects undertaken or performed essentially by cities or states but funded in whole or in part by the federal government. Dickman v. City of Santa Fe, 734 F.Supp. at 1345. When a non-federal agency is involved in a joint venture with a federal agency, the project can constitute a federal action. See Fund for Animals v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992). "NEPA applies only when there is federal decision-making, not merely federal involvement in nonfederal decision making." United States v. Southern Fla. Water Mgmt. Dist. 28 F.3d at 1573. NEPA does not apply to administrative enforcement actions. See 40 C.F.R. § 1508.18(a). The mere eligibility for federal funding is not sufficient to convert a non-federal action into one subject to NEPA. See Village of Los Ranchos de Albuquerque v. Barnhart, 906 F.2d 1477, 1480-81 (10th Cir. 1990).

In Dickman v. City of Santa Fe, the defendants sought to add the New Mexico Highway Department ("NMHD") as a necessary party, because the City of Santa Fe had contracted to have the NMHD prepare the environmental assessment that NEPA required. See 734 F.Supp. at 1343.

The City of Santa Fe was serving as the lead agency in a joint project with state and federal highway authorities. See id. at 1342. The court denied the defendant's motion, finding that the NMHD was not a necessary party because complete relief could be provided by enjoining the City of Santa Fe. See id. at 1343-44.

## ANALYSIS

The Court does not believe that Curry is a necessary party as rule 19 defines that term. At the November 8, 2007 hearing, Long agreed that the relief he sought was to enjoin the project. See Transcript of Hearing (taken Nov. 8, 2007)("Tr.") at 25:8-18 (Smith, Court & Long).[1] The Court believes that such relief can be provided without adding Curry as a party.

Furthermore, Curry has no direct interest in the outcome of the litigation such that his absence would impair the ability to protect that interest or leave him subject to inconsistent obligations. See Fed. R. Civ. P 19. The counsel for Curry stated at the November 8, 2007 hearing that "the only thing the environment department does in this project is reimburse the Village of Columbus' expenses." Tr. at 11:6-8 (Parker). Furthermore, the money that the NMED is using to reimburse the Village of Columbus comes from state legislative appropriations and are raised through the sale of state severance bonds. See Tr. at 11:19-21. In this case, Curry's interests are adequately protected by the Village of Columbus, who has the same interest as Curry has -- "bringing safe drinking water to the citizens of Columbus and making wise use of scarce public financial resources." Response of New Mexico Environment Department to Plaintiff's September 14, 2007 Motion to Join NMED Secretary Ron Curry as a Necessary Party, at 7, filed September 9,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

2007 (Doc. 27) ("NMED's Response").  The Court believes that Curry, similar to the New Mexico Highway Department in Dickman v. City of Santa Fe, is not a necessary party to this lawsuit.

Because Curry is not a necessary party, the Court believes it most appropriate to consider whether an amendment to Long's Complaint to add Curry as a defendant is appropriate.  At the hearing, all parties agreed that this approach was reasonable and did not object to the Court so treating Long's motion. See Tr. at 4:4-7 (Long); id. at 5:7-20 (Parker & Court); id. at 14:18-25 (Smith).  The Court believes, however, that, even assuming the project in question is a federal action, the addition of Curry for his alleged violation of NEPA is futile because only federal agencies are legally obligated to comply with NEPA.[2]  See Fed. R. Civ. P. 15.  In making its determination, the Court is persuaded by the statute's language.

Section 4332 states that "all agencies of the Federal Government" are required to comply with the provisions set therein. 42 U.S.C. § 4332 (emphasis added).  There is no mention of an obligation imposed on state agencies or actors.  While the United States may contract and/or delegate its NEPA responsibilities for others to perform, see  Dickman v. City of Santa Fe, 734 F.Supp. at 1343,  the ultimate legal obligation remains on the federal agencies, regardless of who may perform them.  See 42 U.S.C. § 4332.  At the hearing, the United States conceded that, for

---

[2]The Court notes that Ron Curry and the NMED use some ambiguous language in their surreply to Long's motion that could be interpreted as contradictory to the Court's holding. Specifically, the surreply states "none of the other factors were present that obligate a non-federal actor to comply with NEPA." New Mexico Environment Department's Surreply to Plaintiff's Reply Filed on October 10, 2007, at 1, filed October 31, 2007 (Doc. 37).  The Court believes, however, that NMED and Ron Curry are referring to a non-federal actor's contractual obligation to comply with NEPA rather than a non-federal actor's legal obligation to comply with NEPA.  The Court acknowledges that the requirements of NEPA can be contracted out to non-federal actors.  See Dickman v. City of Santa Fe, 734 F.Supp. at 1343.  The legal obligation for compliance with NEPA, however, remains with the federal actor. See 42 U.S.C. § 4332.  The argument of Ron Curry and NMED, therefore, is not contradictory to the holding of the Court.

purposes of this motion, the Court should assume the project is "federalized" and thus subject to NEPA's requirements. See Tr. at 13:10-17 (Smith).  Assuming that this project is "federalized," the obligation to perform NEPA's requirements remains on the federal agencies.  See 40 C.F.R. §§ 1500.1 and 1500.2 (applying NEPA to federal agencies).

Furthermore, the Court does not believe that the case law used by Long to support his contention that state agencies and state actors are legally obligated to comply with NEPA stand for such a principle.  It is clear that state actors can be involved in a project that is subject to NEPA.  See Dickman v. City of Santa Fe, 724 F.Supp. at 1345.  It is also clear that non-federal agencies can contract to actually create the EIS.  See id. at 1343.  But the Court has not found, and Long has not provided any specific indication, that the individual state actors or agencies are legally obligated to comply with NEPA.  Rather, the language of the statute indicates otherwise.  For the reasons stated at the hearing, and for further reasons consistent with those already stated, the Court will deny the Plaintiff's Motion to Join Necessary Party.

**IT IS ORDERED** that the Plaintiff's Motion to Join Necessary Party is denied. The Court, however, grants the Plaintiff permission to file motion to file an amended complaint that alleges claims, not relating to the violation of NEPA, against Secretary Ron Curry.  The motion shall attach the proposed amended pleading so that the Defendants may, in a fully informed manner, consent to the motion or oppose it.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jack Haskell Long
Columbus, New Mexico

    *Plaintiff pro se*


Ronald J. Tenpas
  Acting Assistant Attorney General
Environmental Natural Resources Division
United States Department of Justice
Washington, D.C.

– and –

Andrew A. Smith
  Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for Defendants United States of America,*
      *United States Environmental Protection Agency,*
      *United States Department of Agriculture, and USDA*
      *Rural Development*

Carol M. Parker
  Special Assistant Attorney General
New Mexico Environmental Department
Tracy Hughes
  Special Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for Defendants New Mexico Environmental Department*
    *and Secretary Ron Curry*

Robert C. Floyd
Deming, New Mexico

    *Attorney for Defendant Village of Columbus*